**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

**WILLIAM WEEKS, on behalf of himself
and all others similarly situated,**

                      **Plaintiff,**

**-vs-**                                         **Case No. 2:11-cv-501-FtM-99DNF**

**MARK'S DUMPSTER SERVICES, INC., a
Florida profit corporation, CONTINENTAL
WASTE MANAGEMENT, INC., a Florida
profit corporation, MARK
HOUGHTALING, DENISE
HOUGHTALING,**

                      **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      The Plaintiff, William Weeks filed a Collective Action Complaint (Doc. 1) on September 6, 2011. The Plaintiff alleged that the Defendants, Mark's Dumpster Services, Inc., Continental Waste Management Inc., Mark Houghtaling, and Denise Houghtaling violated provisions of the Fair Labor Standards Action, 29 U.S.C. §216(b). On December 19, 2011, this Court entered an Order (Doc. 18) which allowed counsel for the Defendants to withdraw. In that Order, the Court required the corporate Defendants, Mark's Dumpster Services, Inc., and Continental Waste Management, Inc. to retain counsel within twenty-one (21) days from the date of the Order. The Court cited to 28 U.S.C. §1654, which provides that a party may appear and conduct their own cases personally. However, a lay person is not permitted to represent any other person or entity. *United States of America v. Blake*

*Medical Center*, 2003 WL 21004734, *1 (M.D. Fla. 2003). Non-natural persons or artificial entities such as corporations, partnerships, and associations, may appear in federal court only through licensed counsel. *Id*., (citing, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993)), see also, Local Rule 2.03(e). Therefore, the Court required Mark's Dumpster Services, Inc., and Continental Waste Management, Inc. to retain counsel. The Court also required the individual Defendants, Mark Houghtaling and Denise Houghtaling to file a notice with the Court indicating whether they were proceeding *pro se* which is without the benefit of counsel, or were retaining counsel to represent them. The Court cautioned the Defendants that if they failed to comply with the Order, that a default would be entered against them. None of the Defendants responded to that Order. The Plaintiff, William Weeks filed a Motion for Default (Doc. 19) on January 19, 2012, requesting that the Court enter defaults against the Defendants for failing to comply with the Court's Order (Doc. 18).

On January 19, 2012, the Court entered an Order to Show Cause (Doc. 20) again informing the corporate Defendants that they were required to retain counsel and informing the individual Defendants that they were required to notify the Court if they were proceeding *pro se* or were retaining counsel, and also requiring the parties to show good cause why defaults should not be entered against them for failing to respond to the Order (Doc. 18). The Court allowed the parties fourteen (14) days to respond to the Order to Show Cause. None of the Defendants responded to the Order to Show Cause. The Court has the authority to enter defaults and default judgments "'for failure . . . to comply with its orders or rules of procedure.'" *Suarez v. Don Pan Tampa*, 2011 WL 6822191, *1 (M.D. Fla. Dec. 28, 2011) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). Therefore, based upon the Defendants failing to comply with two orders of the Court, the Court will recommend that defaults be entered against the Defendants.

The Plaintiff, William Weeks filed a Motion to Strike/Dismiss Defendants' Answer and Affirmative Defenses and Demand for More Definite Statements (Doc. 13). Based upon this Court recommending that a default be entered against the Defendants, the Court will also recommend that the Motion to Strike/Dismiss Defendants' Answer and Affirmative Defenses and Demand for More Definite Statements (Doc. 13) be found to be moot.

**IT IS RESPECTFULLY RECOMMENDED**:

1) The Motion for Default (Doc. 19) be **GRANTED**.

2) That the Clerk be directed to enter defaults against the Defendants, Mark's Dumpster Services, Inc., Continental Waste Management, Inc., Mark Houghtaling, and Denise Houghtaling for failure to comply with orders of the Court.

3) That the Motion to Strike/Dismiss Defendants' Answer and Affirmative Defenses and Demand for More Definite Statements (Doc. 13) be found to be moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __14th__ day of February, 2012.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record